UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| TIMOTHY WEDDINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-338-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TRAVELERS PROPERTY & | ) | **MEMORANDUM OPINION** |
| CASUALTY INSURANCE COMPANY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Travelers Property & Casualty Insurance Company's (Travelers) Motion to Dismiss [Record No. 2] and Weddington's Motion to File an Amended Complaint and Remand. [Record No. 6]  Both motions have been fully briefed and are ripe for decision. Because the Court is of the opinion that permitting amendment of the Complaint would better serve the interests of justice, Weddington's Motion to Amend and Remand is granted. [Record No. 6]  Travelers Motion to Dismiss will be denied as moot. [Record No. 2]  The case will be remanded to the Pike Circuit Court.

**I.   BACKGROUND**

Timothy Weddington was, until his resignation on June 23, 1998, president of Salyersville National Bank (SNB). Following his resignation, SNB filed a proof of loss with Travelers alleging improper actions by Weddington which caused the bank to lose $522,252. Travelers paid the claim and, in return, was assigned SNB's rights and claims regarding to the loss. Travelers then filed an action against Timothy Weddington in this Court.

Travelers' claims were settled on January 28, 2002. In return for a payment of $60,000, the company released Weddington from all liability for claims arising out of the proof of loss by both itself and SNB, it assignor in the action. As a necessary condition of the settlement, Travelers represented that it was the assignee of all claims for this action.

Following the above-referenced settlement, Weddington was the target of a federal criminal investigation. [Case No. 7:03-CR-00034-DCR] On March 8, 2004, Weddington pled guilty to one count of bank fraud, and was sentenced to serve a year and a day. Weddington was also subject to a garnishment in the amount of $340,184, with the bulk representing an IRA account held by Stifel, Nicolaus & Co.

As a part of his plea agreement, Weddington agreed to pay restitution. [*Id.*, Record No. 122] Weddington contends that Donna Salyer, in her capacity as president of SNB, testified that the claim arising out of the proof of loss had not been fully assigned to Travelers. Weddington alleges this was a breach of the settlement agreement.

**II.     ANALYSIS**

Travelers moved for dismissal of Weddington's claims on two grounds, each of which would be mooted if the Court permitted the filing of the Amended Complaint. Moreover, if the Court were to permit the joinder of SNB it would destroy complete diversity, and likely require remand.

Travelers' first grounds for dismissal is that, as a technical matter, the proper Travelers' defendant should have been Traveler's Casualty and Surety Company – not Travelers' Property & Casualty Insurance Company. [Record No. 3, pg. 2] Travelers' does not argue that it will

suffer any real hardship by the addition or substitution of Travelers' Casualty for Travelers' Property. Likewise, the addition of Travelers' Casualty would not have any effect on jurisdiction, as Travelers' Casualty is diverse to the plaintiff. [Record No. 9, pg. 2] As such, under the liberal rules for permitting amendment per Fed. R. Civ. Pro. 15, the Court should grant plaintiff's request for joinder of Travelers' Casualty.

Travelers' second grounds for dismissal was a failure by Weddington to join SNB as a party to this action. Travelers argues that, to the extent Weddington has a cause of action arising from the alleged breach of contract, liability for the breach lies with SNB, whom Weddington has failed to name as a party. Weddington responds by arguing that privity of contract exists between Travelers and SNB as a result of SNB's assignment of claims to Travelers. Alternatively, Weddington seeks to add SNB as a party to this action.

Normally, the Federal Rules of Civil Procedure encourage extremely permissive grants of joinder. "Under the [Federal Rules], the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). Unlike the joinder of Travelers Casualty, however, the addition of SNB would destroy complete diversity. While *Gibbs* makes clear that joinder of parties and permission to amend the complaint under Fed. R. Civ. Pro. 15 and 20 are normally liberally granted, there are exceptions. One of those exceptions is where, as here, joinder would destroy complete diversity.

While the Court has discretion to deny joinder where it would destroy diversity jurisdiction, there are several factors to be considered in this analysis. 28 U.S.C. § 1447(e). The

four relevant factors are: "(1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and (4) any other factors bearing on the equities." *Siedlik v. Stanley Works, Inc.*, 205 F. Supp. 2d 762, 765 (E.D. Mich. 2002).

Here, the motivation to collect against proper defendants is sufficient to support joinder and remand, even if the plaintiff is simultaneously motivated by a desire to avoid federal jurisdiction. *See Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 923 (S.D.N.Y. 1995) ("the plaintiffs appear to be motivated not solely by a desire to defeat diversity jurisdiction, but rather by a good faith desire to seek recovery from those parties they contend are liable to them"). While Weddington may be partly motivated by a desire for remand, it was Travelers who first suggested that SNB was the party most likely to bear liability for any subsequent actions against Weddington personally. As Travelers and SNB were both parties to the original settlement with Weddington, his assertion of joint and several liability is a colorable claim, and sufficient to justify joinder.

Regarding the second factor, there is no evidence that Weddington was dilatory in seeking to amend its complaint. Weddington's motion to amend the complaint was filed less than two weeks after Travelers' Motion to Dismiss, and less than three weeks after removal. [*See* Record Nos. 1, 2, 6.] Similarly, regarding the third factor, the failure to join what Travelers effectively terms an indispensable party would significantly affect Weddington's ability to recover.

An additional relevant factor to be considered (not discussed by the *Siedlik* court) is judicial economy. *Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen*, 726 F. Supp. 950, 952-53 (S.D.N.Y. 1989). In this case, refusing to join SNB may result in parallel, duplicative proceedings in state and federal court, wasting judicial resources and incurring unnecessary additional expenses for the parties. Courts have also considered possible prejudice to the defendant in allowing jurisdiction-defeating joinder. *Wyant*, 881 F. Supp. at 923. Travelers, however, does not identify how it would be prejudiced by the proposed joinder, other than it might "increase[] its risk of liability. [Record No. 8, pg. 4]

Because the Court has concluded that Weddington should be permitted to amend his complaint to add SNB as a defendant, it necessarily follows that remand is appropriate because SNB's presence in this matter will destroy this Court's federal jurisdiction. *Id*. at 925; *see also Gallagher v. New York Life Ins. Co.*, 911 F.2d 732 (table), 1990 WL 118707, at *1 (6th Cir. 1990) (discussing remand to state court following joinder of a non-diverse defendant pursuant to 28 U.S.C. §§ 1447(c) & 1447(e)).

**III.    CONCLUSION**

For the reasons discussed herein, it is **ORDERED** as follows:

(1)    The Plaintiff's motion to amend his complaint [Record No. 6] is **GRANTED**;

(2)    The Defendant's motion to dismiss is **DENIED**;

(3)    The Clerk is directed to file the previously tendered amended complaint [Record No. 6, Ex. 1];

(4) The Plaintiff is directed to service the amended complaint on Travelers Casualty & Surety Company and SNB within thirty (30) days;

(5) The Plaintiff's motion to remand [Record No. 6] is **GRANTED**;

(6) Upon filing and service of the amended complaint, the Clerk is directed to **REMAND** this matter to the Pike Circuit Court for further proceedings.

This 2nd day of March, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge